UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-61860-LEIBOWITZ

**RSM U.S. LLP**,

*Plaintiff,*

v.

**RANDOLF NOTES**,

*Defendant.*

_____/

## ORDER

THIS CAUSE comes before the Court on Defendant Randolf Notes's ("Notes") Motion to Dismiss Plaintiff's Complaint ("the Motion") [Mot., ECF No. 7], filed on October 28, 2024. Plaintiff RSM U.S. LLP ("RSM") filed a response [Resp., ECF No. 9], and Notes filed a reply [Reply, ECF No. 10]. The Court has reviewed the relevant filings, the record and the applicable case law. For the following reasons, the Motion is DENIED.

## BACKGROUND

RSM is a limited liability partnership and the fifth largest accounting firm in the United States and provides audit, tax, and consulting services. [Compl., ECF No. 1 ¶¶ 2, 9]. RSM employed Notes, a resident of Fort Lauderdale, Florida, as a partner from May 1, 2019, to January 24, 2022, who led the firm's healthcare consulting practice and had access to RSM's confidential and trade secret information. [*Id.* ¶¶ 2–3, 10]. RSM alleges that Notes misappropriated RSM's trade secret information when he left the firm to serve as the Managing Director at Impact Advisors ("Impact"), a competitor of RSM. [*Id.* ¶¶ 1, 4].

As a partner, Notes provided consulting services to hospitals and healthcare systems and was responsible for identifying new business opportunities, bringing in new clients for RSM and growing

RSM's client relationships. [*Id.* ¶ 18]. In this role, Notes had access to RSM's trade secrets and confidential proprietary information which was held in strict confidence by RSM. [*Id.* ¶ 19]. Notes signed a partnership agreement with RSM in which he agreed that (1) he would not disclose or misuse RSM confidential or trade secret information, and (2) he would return all RSM property upon his separation from the firm. [*Id.* ¶¶ 22–26]. In addition to Notes's agreement, RSM attempts to protect its confidential and proprietary information through measures such as information security training for employees, system security measures, and immediately disables employee and partner access to RSM systems in the event of a departure. [*Id.* ¶ 32].

RSM alleges that Notes took both critical RSM personnel and information to Impact, including over 1,500 documents transferred from the RSM system to Notes's personal iCloud drive. [*Id.* ¶ 38]. These documents included RSM budgets, statements of work, margin forecast tools, internal playbooks and guides, sales projections, confidential documents regarding an internal technological tool, RSM's business strategies and growth plans, detailed financial data of RSM's clients, and RSM client and target client lists. [*Id.* ¶ 39].

RSM brings four counts against Notes: (I) Misappropriation of Trade Secrets in violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, *et seq.*, (II) Misappropriation of Trade Secrets in violation of the Florida Uniform Trade Secrets Act ("FUTSA"), Section 668.002 of the Florida Statutes, (III) Breach of Contract, and (IV) Injunctive Relief. [*Id.* ¶¶ 49–78]. Notes now moves to dismiss or stay this matter in its entirety because RSM filed a lawsuit based on the same underlying facts in the Supreme Court of the State of New York, New York County ("the New York Action") and argues that this lawsuit should be barred under Florida's "Prior Pending Action" doctrine. [Mot. at 6–9; *see* New York Compl., ECF No. 7-1]. RSM in the New York Action brings five causes of action against Notes, all based on New York law: Breach of Fiduciary Duty, Breach of Contract, Anticipatory Breach of Contract, Conspiracy to Misappropriate Trade Secrets, and

2

Injunctive Relief thereunder. [New York Compl.]. While the underlying facts of the New York Action are the same, the New York Complaint includes details regarding Notes's alleged actions that the Complaint in this case does not. [*Compare* Compl. and New York Compl.].

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotations omitted)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all factual allegations contained in the complaint, and the plaintiffs receive the benefit of all favorable inferences that can be drawn from the facts alleged. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Iqbal*, 556 U.S. at 678. "Taking the facts as true, a court may grant a motion to dismiss when, 'on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.'" *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1370 (S.D. Fla. 2011) (citing *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

## DISCUSSION

Notes makes only one argument in the Motion: that Florida's Prior Pending Action doctrine requires this Court to either abate or stay these proceedings pending the outcome of the New York Action. [*See* Mot. at 6–9]. However, the parties also discuss in responsive briefing whether the *Colorado River* doctrine applies and requires this Court to abstain from hearing this case. This Court first addresses Notes's only argument and finds that Florida's Prior Pending Action doctrine does not apply to the case at hand. Next, this Court discusses why, even if Notes made the argument that *Colorado River* abstention applies, this Court would not abstain from hearing this case.

I.    The Prior Pending Action Doctrine is Inapplicable to this Case.

3

Under Florida state law, it is well settled that "the plea of a prior action pending will abate a later action or suit in the same court of other court of like jurisdiction if the parties are the same and both suits are predicated on the same cause of action." *First State Bank v. Goldstein*, No. 11-cv-80625, 2011 WL 4943627, at *3 (S.D. Fla. Oct. 18, 2011) (Middlebrooks, J.) (citing *State v. Lehman*, 100 Fla. 1313, 1317 (Fla. 1930)) (dismissing a federal case based on a prior action filed in Florida state court). However, most federal district courts in Florida have held that the prior Pending Action Doctrine does not apply to competing federal and state court actions. *See e.g., Sierra Moveis, Ltda. v. Sierra USA Corp.*, No. 1:16-cv-23665-UU, 2017 WL 7792706, at *1 (S.D. Fla. Jan. 10, 2017) (Ungaro, J.); *Sini v. Citibank, N.A.*, 990 F. Supp. 2d 1370, 1375 (S.D. Fla. 2014) (Williams, J.); *Artmark Prods. Corp. v. Conbraco Indus.*, No. 11-cv-20879, 2012 WL 1155132, at *2 (S.D. Fla. Apr. 5, 2012) (Scola, J.); *Melillo v. Shendell & Assocs., P.A.*, No. 11-cv-62048, 2012 WL 253205, at *3 (S.D. Fla. Jan. 26, 2012) (Cohn, J.); *Mt. Hawley Ins. Co. v. Sarasota Residences, LLC*, 714 F. Supp. 2d 1176, 1181 (M.D. Fla. 2010) (citing *Allstate Ins. Co. v. Clohessy*, 9 F.Supp.2d 1314, 1316 (M.D. Fla. 1998)).[1]

This Court follows most of the judges in the Southern District of Florida and finds that the Prior Pending Action doctrine in Florida does not apply to competing cases in federal and state court. The Eleventh Circuit has instructed that the general principle that a federal court should avoid duplicative litigation "does not apply . . . when the duplicative litigation arises between state and federal courts." *Ambrosia Coal & Const. Co. v. Pages Morales*, 368 F.3d 1320, 1328 (11th Cir. 2004).[2] Indeed,

---

[1]      Notes, in reply, does not discuss *any* of these cases on which RSM relies for the proposition that the "first-filed rule . . . applies only to competing claims filed in separate federal courts, not competing federal and state court actions." [Resp. at 3 (internal quotation marks omitted); *see generally* Reply].

[2]      While the Eleventh Circuit has held previously that "[i]n absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case[,]" *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982) (affirming a stay of a federal case pending a related state case), this holding is incompatible with the Eleventh Circuit's later holding in *Ambrosia Coal. See Sini*, 990 F. Supp. 2d at 1375 (noting the "tension between the Eleventh Circuit's

4

the Supreme Court has noted that "as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction[.]"  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (internal quotation marks omitted).  These instructions from the Eleventh Circuit and the Supreme Court imply to this Court that there is no requirement, despite Notes's argument, that this Court dismiss or stay the instant matter pending resolution of the New York Action under Florida's Prior Pending Action doctrine.  Therefore, this Court rejects Notes's argument that the Prior Pending Action doctrine in Florida requires this Court to stay or abate this instant matter pending resolution of the New York Action.

II.      *Colorado River* does not require this Court to abstain from hearing this case.

While Notes did not make any initial argument that *Colorado River* requires this Court to abstain from hearing the case, this Court briefly writes to address the parties' responsive briefing and concludes that this Court need not abstain from hearing this case.

Under *Colorado River*, a district court may abstain from exercising jurisdiction when a parallel lawsuit is proceeding in a state court.  *See Ambrosia Coal*, 368 F.3d at 1327–28 (citing *Colorado River*, 424 U.S. at 805–06).  In the Eleventh Circuit, there are "six factors that must be weighed in analyzing the permissibility of abstention, namely: (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights."  *Id.* at 1331.  No one factor is determinative and the weight to be given to any of these factors can vary greatly from case to case.  *Id.* (citing *Colorado River*, 424 U.S. at 818 and *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S.

---

holding in *Haydu* and subsequent cases analyzed under the *Colorado River* doctrine.").  Thus, this Court follows the Eleventh Circuit's more recent instructions in *Ambrosia Coal.*

1, 16 (1983)). The abstention inquiry must be heavily weighted in favor of the exercise of jurisdiction. *Id.*

Notes concedes that the first and second factors are not at play here, but argues that the remaining factors weigh in favor of abstention. [Reply at 7]. This Court disagrees—largely because of the third and fifth factors. The third factor, the possibility for piecemeal litigation, only favors abstention where the piecemeal litigation is "abnormally excessive or deleterious," as inevitably piecemeal litigation does not increase the likelihood of abstention. *See Dellaquila v. Westchester Country Club Homeowner's Ass'n, Inc.*, No. 20-cv-81830-WPD, 2021 WL 8776797, at *4 (S.D. Fla. June 14, 2021). Here, Notes fails to convince this Court that a failure to abstain would lead to abnormally excessive or deleterious consequences. While the two cases are based on the same underlying facts, the causes of action are sufficiently different to weigh against abstention. In the New York Action, RSM brings claims of breach of fiduciary duty, breach of contract, anticipatory breach of contract, and conspiracy to misappropriate trade secrets, while in this case, RSM brings actions under the FUTSA, DTSA, and breach of contract. [Compl.; New York Compl.]. These causes of action not only do not overlap, but this matter involves Florida-specific law (which is better heard in a federal court in Florida than a New York state court) and a violation of DTSA, a federal law.[3]

The fifth factor favors abstention "only where the applicable state law is particularly complex or best left for state courts to resolve." *Dellaquila*, 2021 WL 8776797, at *5 (citing *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1141 (11th Cir. 2013)). Federal courts routinely analyze FUTSA and breach of contract claims. *See e.g., Lupin Atlantis Holdings SA v. Zeng*, No. 23-cv-61621, 2024 WL 4491993, at *2–3, 6 (S.D. Fla. Oct. 15, 2024). Additionally, RSM has brought a claim under DTSA, a

---

[3] For this reason, this Court does not believe that the New York Action and this case are fully parallel proceedings, even if based on the same underlying facts, further emphasizing that this Court should not abstain from exercising jurisdiction under *Colorado River*.

federal statute, which further supports the contention that a federal court should hear this case. Thus, the fifth factor strongly implies that this Court should retain jurisdiction over this matter.

For these reasons, this Court finds that there are no "exceptional circumstances" that weigh against this Court's duty to "adjudicate a controversy properly before it." *Colorado River*, 424 U.S. at 813. Accordingly, this Court declines to dismiss this action under *Colorado River* in favor of a similar, but sufficiently different, state case pending in New York.

**CONCLUSION**

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Motion [**ECF No. 7**] is **DENIED.**

**DONE AND ORDERED** in the Southern District of Florida this February 23, 2025.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record