UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-61860-LEIBOWITZ/AUGUSTIN-BIRCH

**RSM U.S. LLP,**

    **Plaintiff,**

v.

**RANDOLF NOTES,**

    **Defendant.**

_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION TO COMPEL DISCOVERY AND PLAINTIFF'S DISCOVERY MOTION**

This cause comes before the Court on Defendant Randolf Notes' Motion to Compel Discovery and Remove Attorney Eyes Only Designation, which is briefed at docket entries 46, 51, and 54. The cause also comes before the Court on Plaintiff RSM U.S. LLP's Discovery Motion Regarding Defendant's Failure to Respond to Written Discovery, which is briefed at docket entries 47, 49, and 56. The Court held a hearing on the two Motions on July 8, 2025, via Zoom Video Teleconference. The Court has carefully considered the briefing, the arguments that counsel made during the hearing, and the record and is otherwise fully advised in the premises. For the following reasons, both Motions are **GRANTED IN PART AND DENIED IN PART**.

    **I.**    **Defendant's Motion to Compel**

Defendant raises three issues in his Motion to Compel. The first issue concerns his ability to view certain documents that Plaintiff has produced during discovery. Defendant's Interrogatory # 21 asked for a description of Plaintiff's evidence that Defendant used items on his iCloud drive while at Impact Advisors, Defendant's current employer. In response, Plaintiff identified by Bates

number approximately 550 pages of documents and designated those pages as Attorneys' Eyes Only per the Protective and Confidentiality Order. DE 46-4 at 9–10 (Interrogatory # 21 and response); DE 39 (Protective and Confidentiality Order). Defendant contends that, to be able to defend himself from the assertion that he used documents, he must be able to view them, and so he seeks to have the Attorneys' Eyes Only designation removed.

Which, if any, of Plaintiff's documents Defendant used is a seminal issue in this trade secrets case. Plaintiff has proposed various alternatives to Defendant viewing the documents, such as to review a spreadsheet describing the documents [*see* DE 51-3 at 5], to allow only his attorneys to compare any documents Defendant might concede he used with the documents Plaintiff maintains he used, or to rely on a forensic expert to resolve which documents he used. The Court views each of these proposals as inadequate to enable Defendant to fairly defend himself on this seminal issue. Accordingly, the Court permits Defendant to view the documents Plaintiff identified by Bates number in response to Interrogatory # 21. Defendant must view the documents in the presence of one or more of his attorneys, and he may not otherwise possess copies of them.[1]

The second issue in Defendant's Motion to Compel concerns Plaintiff's allegations in the Complaint concerning a computer program called RevNsight. Plaintiff alleged:

---

[1] During the July 8 hearing, the Court asked Plaintiff whether it had any other proposal for procedures if the Court were to conclude that Defendant should be able to view the documents to enable him to fairly defend himself. Plaintiff did not propose any procedures.

> 45. A stark example of this is Notes's use of RSM's trade secret information related to its proprietary RevNsight tool. Less than one week after he joined Impact, Notes filed a trademark application with the United States Patent and Trademark Office seeking to register RSM's RevNsight tool for revenue analytic services in the field of healthcare.
>
> 46. A few weeks later, Notes conspired with Ikier to "recreate" RevNsight at Impact using the knowledge and information he and Ikier learned during their tenure at RSM.
>
> 47. During Notes's partnership, RSM invested significant financial and technological resources to develop RSM's RevNsight tool, using RSM's personnel and resources. Yet Notes disregarded RSM's investment, and his contractual and legal obligations to RSM, and attempted to use RevNsight for his and Impact's benefit without permission from RSM.

DE 1 ¶¶ 45–47.

Defendant's Request for Production # 13 asked for a copy of the RevNsight Program in its native format, and Plaintiff objected to the request "as irrelevant and unlikely to lead to the discovery of admissible evidence." DE 46-3 at 6 (Request for Production # 13 and response). The request is relevant given Plaintiff's allegations that RevNsight is proprietary and that a "stark example" of Defendant's use of Plaintiff's trade secrets is his attempt to recreate RevNsight. Further, the Court has already explained that "[a]ny objection that a discovery request is not reasonably calculated to lead to admissible evidence is an objection that is based on an outdated discovery standard" and "will be found meritless by this Court." DE 21 at 4–5 (Order Setting Discovery Procedures). Plaintiff's objections to Request for Production # 13 are overruled, and Plaintiff must respond to the request by producing a copy of the RevNsight Program in its native format. Plaintiff is free to produce the copy with an Attorneys' Eyes Only designation per the Protective and Confidentiality Order.

The third and final issue in Defendant's Motion to Compel concerns Plaintiff's identification of thousands of pages of documents by Bates number in response to Defendant's Request for Production #'s 3 and 8.  DE 46-3 at 4–5 (Request for Production #'s 3 and 8 and responses).  Defendant contends that the cited documents are unresponsive to the requests.  During the July 8 hearing, Plaintiff acknowledged that at least some of the cited documents are unresponsive to the requests.

The Court orders Plaintiff to review its responses to Request for Production #'s 3 and 8 and the documents cited therein and to amend its responses to cite only those documents that Plaintiff contends are responsive to each request.  The Court reminds the parties of the requirements and consequences under Federal Rule of Civil Procedure 26(g).  *See* Fed. R. Civ. P. 26(g)(1)(B)(ii), (3) (explaining that, by signing a discovery response, a party or attorney certifies to the best of the person's knowledge, information, and belief formed after a reasonable inquiry that the response is not imposed for an improper purpose such as to harass, cause unnecessary delay, or needlessly increase litigation costs, and providing for sanctions for violating the rule without substantial justification).  Responding to a discovery request with unresponsive information may be a ground for the imposition of sanctions.  At this juncture, further relief on this issue, such as an order for Plaintiff to concede it has no documents responsive to either request, is denied.

## II.     Plaintiff's Discovery Motion

Plaintiff raises four issues in its Discovery Motion.  The first issue concerns Plaintiff's various requests for "RSM Property and/or Confidential Information" and Defendant's objections that this phrase is disputed, contested, vague, and/or undefined.  *See* DE 47-3 at 3–10 (document requests and responses); DE 47-4 at 4–8 (interrogatories and responses).  During the July 8 hearing,

4

Defendant agreed to withdraw his objections to this phrase and to respond to the requests as the phrase is defined within the requests, although he continues to disagree with that definition. Defendant's objections to the phrase are overruled, and Defendant must amend his response to each request for which he objected to the phrase.

The second issue in Plaintiff's Discovery Motion concerns Plaintiff's various requests for information concerning "potential customers" and Defendant's objections that this phrase is insufficiently specific because potential customers "could include an infinite universe of customers." *See* DE 47-3 at 8–10 (document requests and responses); DE 47-4 at 6–8 (interrogatories and responses). Plaintiff contends that Defendant already knows or should be able to determine who is meant by "potential customers." However, as the requesting party, Plaintiff has an obligation to define terms in its requests such that the requests reasonably can be answered. The Court agrees with Defendant that the phrase "potential customers" conceivably could include any person or entity. Plaintiff did not provide any definition or list of "potential customers" in its requests or during the July 8 hearing. Defendant's objections to the phrase "potential customers" are sustained.

As the third issue in Plaintiff's Discovery Motion, Plaintiff contends that Defendant must produce the material of his employer, Impact Advisors, because that material is within his possession, custody, or control. The Court reminds the parties that the definition of "control" for the purpose of responding to a request for production includes "the legal right to obtain the documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *see* Fed. R. Civ. P. 34(a)(1) (providing for requests for material within a party's possession, custody, or control). However, Plaintiff has provided no authority standing for a proposition that an employee has possession, custody, or control over all of his employer's material, nor has

Plaintiff provided facts or argument to show that any particular piece of Impact Advisors' material is within Defendant's possession, custody, or control. Plaintiff's request that Defendant be compelled to produce Impact Advisors' material is denied, but the Court reminds the parties that withholding responsive material within their possession, custody, or control may result in sanctions. *See* Fed. R. Civ. P. 37(c)(1) (allowing the imposition of sanctions for failure to provide complete and correct responses to discovery).

The fourth and final issue in Plaintiff's Discovery Motion concerns Plaintiff's various requests for information concerning "revenue analytics tool[s]" and Defendant's objections that this phrase is overly broad because a complete response would encompass tools not at issue in this lawsuit, such as Microsoft Excel and QuickBooks. *See* DE 47-3 at 11–12 (document requests and responses); DE 47-4 at 8–9 (interrogatories and responses). The Court agrees with Defendant that the requests ask for information about potentially irrelevant tools. During the July 8 hearing, Plaintiff indicated that it is seeking more narrow information than the requests ask for as they are written, as Plaintiff's focus is on tools related or similar to RevNsight. Defendant's objections to the phrase "revenue analytics tool" are sustained.

### III.   Conclusion

Defendant's Motion to Compel Discovery and Remove Attorney Eyes Only Designation [DE 46] and Plaintiff's Discovery Motion Regarding Defendant's Failure to Respond to Written Discovery [DE 47] are **GRANTED IN PART AND DENIED IN PART** as set forth in this Order. Any amended discovery responses and productions required under this Order are due **within ten days of the date of this Order**. This Order does not preclude a party from serving more narrowly tailored or defined discovery requests. However, the Court does not grant an expansion of the limitation on interrogatories under Federal Rule of Civil Procedure 33(a)(1). The parties must be

mindful of the discovery deadline and of the requirement that discovery requests be served in sufficient time that a response is due by the discovery deadline. S.D. Fla. Local Rule 26.1(d) ("Party and non-party depositions must be scheduled to occur, and written discovery requests and subpoenas seeking the production of documents must be served in sufficient time that the response is due on or before the discovery cutoff date.").

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 15th day of July, 2025.

                                                      PANAYOTTA AUGUSTIN-BIRCH
                                                      UNITED STATES MAGISTRATE JUDGE