UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-61860-LEIBOWITZ/AUGUSTIN-BIRCH

RSM U.S. LLP,

    Plaintiff,

v.

RANDOLF NOTES,

    Defendant.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S RESPONSES TO REQUESTS FOR ADMISSION

This cause comes before the Court on Plaintiff RSM U.S. LLP's Motion to Compel Defendant Randolf Notes' Responses to Requests for Admission, which is briefed at docket entries 61, 65, and 66. The Court held a hearing on the Motion on August 12, 2025, via Zoom Video Teleconference. The Court has carefully considered the briefing, the arguments that counsel made during the hearing, and the record and is otherwise fully advised in the premises. For the following reasons, the Motion [DE 61] is **GRANTED IN PART AND DENIED IN PART**.

Plaintiff asks that Defendant be compelled to provide different responses to several Requests for Admission. First, Plaintiff asks for different responses to Request for Admission #'s 21–22, 28, 35–36, 43, 51, 59, 62, 69, and 75. Defendant responded to each of these requests by stating that he has no basis to admit or deny the request and therefore it is denied. DE 61-2 at 4–8.

If a request for admission "is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). A

party answering requests for admissions "may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* Defendant's responses to Request for Admission #'s 21–22, 28, 35–36, 43, 51, 59, 62, 69, and 75 violate Rule 36(a)(4) because he did not simply deny the requests, did not "state in detail" why he cannot admit or deny them, and did not state that he "has made reasonable inquiry and that the information [he] knows or can readily obtain is insufficient to enable [him] to admit or deny."

Defendant makes two arguments why he should not be compelled to respond differently to Request for Admission #'s 21–22, 28, 35–36, 43, 51, 59, 62, 69, and 75. He first argues that the requests are irrelevant. But he did not object to any of the requests based on relevance, thereby waiving his relevancy objections. Second, Defendant contends that further discovery may impact his answers. Federal Rule of Civil Procedure 26(b)(1) provides for such a contingency by requiring a party who has responded to a request for admission to supplement or correct his response if he learns that his response is incomplete or incorrect. Defendant is ordered to amend his responses to Request for Admission #'s 21–22, 28, 35–36, 43, 51, 59, 62, 69, and 75 to comply with Rule 36(a)(4).[1]

Request for Admission #'s 24, 31, 38, 46, 55, 65, 72, and 78 ask Defendant to admit that he saved certain documents to his personal iCloud drive. DE 61-2 at 4–9. Request for Admission # 80 asks him to admit that a certain document "is a list of RSM Documents that were saved to

---

[1] To the extent that Defendant might be inclined to amend his responses to profess a lack of knowledge or information, the Court agrees with Plaintiff that such responses would seem illogical, given that each request is phrased in terms of asking Defendant to admit something about his own knowledge or belief. *E.g.,* DE 61-2 at 4 (Request for Admission # 21 asking Defendant to "[a]dmit that, to Your knowledge, RSM did not disclose the Statement of Work in Exhibit 4 to any Person other than the Mayo Clinic, RSM employees, and RSM partners during Your partnership with RSM"); *id.* at 5 (Request for Admission # 36 asking Defendant to "[a]dmit that You believed Exhibit 6 was not publicly available during Your partnership with RSM").

2

[his] personal iCloud drive as of September 21, 2022." *Id.* at 9.  In response to each of these requests, Defendant stated, "As RSM has deleted all information from my iCloud drive that RSM thought was RSM property, I have no basis to admit or deny the request and therefore the request is denied." *Id.* at 4–9.  Defendant's responses comply with Rule 36(a)(4) in that he has explained why he cannot admit or deny the requests—because Plaintiff deleted all information from his iCloud drive that Plaintiff thought was its property.  Plaintiff's request that Defendant be compelled to respond differently to Request for Admission #'s 24, 31, 38, 46, 55, 65, 72, and 78 is denied.

Plaintiff next asks for different responses to Request for Admission #'s 37, 53, 60–61, and 70.  Defendant responded to each of these requests by objecting that it "calls for a legal conclusion" and then by stating, "Subject to and without waiving this objection, denied." *Id.* at 5–8.

Defendant's answers subject to his objections violate the Order Setting Discovery Procedures.  *See* DE 21 at 6 ("The parties shall not recite a formulaic objection followed by an answer to the request.").  Further, his objections are overruled because none of the requests call for a legal conclusion.  Request for Admission #'s 37, 60, and 70 ask Defendant to admit to his knowledge whether certain documents are not publicly available.  DE 61-2 at 5, 7–8.  Request for Admission #'s 53 and 61 ask him to admit that he believed certain documents were not publicly available during his partnership with Plaintiff.  *Id.* at 6–7.

Defendant again argues that the requests are irrelevant.  But he did not object to Request for Admission #'s 37, 53, 60–61, and 70 based on relevance, thereby waiving his relevancy objections.  Defendant is ordered to amend his responses to Request for Admission #'s 37, 53, 60–61, and 70.

3

Request for Admission # 6 asks Defendant to "[a]dmit that [he] did not return the RSM Documents [he] saved to [his] personal iCloud drive before [his] partnership with RSM ended." *Id.* at 2. He responded by objecting to the word "'return' as [he] did not access the RSM Documents after his termination other than in a search requested by RSM and after finding that prior work remained on his iCloud drive to which RSM was alerted and further where RSM permitted the removal of the RSM Documents." *Id.* at 3. Defendant's objection is not a legal objection. The Court construes the objection as opposition to being required to respond to Request for Admission # 6 at all. Defendant's objection is overruled, and he is ordered to amend his response to Request for Admission # 6.

Request for Admission # 12 asks Defendant to "[a]dmit that [he] connected a device named RNOTES-PC to [his] personal iCloud drive on January 24, 2022." *Id.* He responded, "Denied, Kroll deleted my iCloud Drive and I have no way of verifying the statement, I made all of my devices available to RSM to assure RSM information was removed, including on my Impact laptop." *Id.* Defendant's response "Denied" conflicts with his explanation, which indicates that he cannot admit or deny because his iCloud Drive was deleted. He is ordered to amend his response to Request for Admission # 12 to comply with Rule 36(a)(4) and clarify whether he is denying the request or professing an inability to admit or deny it.

Request for Admission # 13 asks Defendant to "[a]dmit that the RNOTES-PC device was a laptop computer issued to [him] by Impact Advisors." *Id.* He responded, "I do not have a basis to admit or deny this request and therefore it is denied." *Id.* This response violates Rule 36(a)(4) because Defendant did not simply deny the request, did not "state in detail" why he cannot admit or deny it, and did not state that he "has made reasonable inquiry and that the information [he]

4

knows or can readily obtain is insufficient to enable [him] to admit or deny." Defendant is ordered to amend his response to Request for Admission # 13.

Request for Admission # 17 asks Defendant to "[a]dmit that RSM's computer system was password protected during [his] partnership with RSM." *Id.* He responded that he "lack[s] the basis to admit or deny this request concerning RSM's computer systems generally and therefore this request is denied." *Id.* Defendant's response complies with Rule 36(a)(4) in that he has explained why he cannot admit or deny the request—because it is about Plaintiff's computer systems. Plaintiff's request that Defendant be compelled to respond differently to Request for Admission # 17 is denied.[2]

Request for Admission #'s 56–57 and 67 ask Defendant to make admissions about certain documents, but Plaintiff has permitted him to view only redacted versions of those documents. *Id.* at 6–7. The Court will not require Defendant to answer a request for admission about the content of a document he cannot see in its entirety. Plaintiff's request that Defendant be compelled to respond differently to Request for Admission #'s 56–57 and 67 is denied. Plaintiff has the option of permitting Defendant to view unredacted versions of the documents at issue to enable him to respond to the requests.

Request for Admission # 82 asks Defendant to admit that he was "asked to withdraw from [his] partnership with KPMG." *Id.* at 9. Request for Admission # 83 asks him to admit that he drafted a document where the author states that he has "a very significant IRS Tax liability over

---

[2] The Court agrees with Plaintiff that it seems fairly incredible that Defendant would not know whether Plaintiff's computer system was password protected while he worked there. The Court again reminds both parties of the requirements and consequences under Federal Rule of Civil Procedure 26(g). *See* Fed. R. Civ. P. 26(g)(1)(B)(ii), (3) (explaining that, by signing a discovery response, a party or attorney certifies to the best of the person's knowledge, information, and belief formed after a reasonable inquiry that the response is not imposed for an improper purpose such as to harass, cause unnecessary delay, or needlessly increase litigation costs, and providing for sanctions for violating the rule without substantial justification); *see also* DE 64 at 4 (reminding the parties of the provision for sanctions under Rule 26(g)(1) and (3)).

$800k." *Id.*; *see* DE 61-1 at 73–74. Request for Admission # 84 asks Defendant to admit that a document is a true and correct copy of a judgment of direct criminal contempt entered against him in a state family case in December 2006. DE 61-2 at 9; *see* DE 61-1 at 76–79.

Defendant objected to Request for Admission #'s 82–84 based on relevance. DE 61-2 at 9. But an answer to each request is relevant. Defendant purportedly represented on a job application that he left KPMG, LLP because he "[d]ecided to pursue a different path other than remain at KPMG for the remainder of [his] career." DE 61-1 at 48–50. An admission that he left because he was asked to withdraw from the partnership, showing that he may have been untruthful on the job application, is relevant to his truthfulness and credibility. An admission that he has a significant tax liability is relevant to a possible motivation to take and use Plaintiff's trade secrets and confidential information to generate business. And the judgment states that "the Husband admitted he gave false testimony in front of the Court" and that the court found "beyond a reasonable doubt Husband gave false testimony." *Id.* at 77–78. This judgment is relevant to Defendant's truthfulness and credibility.

Defendant argued during the August 12 hearing that Request for Admission #'s 82–84 are overbroad because the events that the requests ask about are too remote in time. However, he did not object to any of the requests based on overbreadth, thereby waiving overbreadth objections. Defendant's objections are overruled, and he is ordered to amend his responses to Request for Admission #'s 82–84.

Finally, Plaintiff asks that Defendant be ordered to remove what Plaintiff perceives as "improper commentary" from his responses to Request for Admission #'s 5, 7, 10, and 71. Defendant admitted each of Request for Admission #'s 5, 7, and 10, and he denied Request for Admission # 71. DE 61-2 at 2–3, 8. His responses to these requests also include comments.

Rule 36(a)(4) does not provide for commentary with an admission or denial. Defendant is ordered to amend his responses to Request for Admission #'s 5, 7, 10, and 71 to comply with Rule 36(a)(4)

Plaintiff's Motion to Compel Defendant's Responses to Requests for Admission [DE 61] is **GRANTED IN PART AND DENIED IN PART** as set forth in this Order. Defendant must serve the amended responses required under this Order **within five days of the date of this Order**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 18th day of August, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE